JOSEPH INTROCASSO, PLAINTIFF, v. FLORENCE JASPER, EXECUTRIX OF THE ESTATE OF HARRY JASPER, DECEASED, DEFENDANT.

Decided April 7, 1932.

For the plaintiff, *Gross & Gross*.

For the defendant, *Heyman & Heyman*.

BROWN, S. C. C.  There were no affidavits furnished by either party concerning the motion to strike.  The motion is directed to the entire complaint and is therefore in the nature of a general demurrer and not a special demurrer addressed to each count of the complaint.  If the complaint discloses a cause of action in any count the motion should be denied.

For the purpose of this motion the court considers that the condition of selling the Bayonne property and realizing cash is a part of and should be read with the foregoing part of schedule A, as conditions upon which Jasper acquired the plaintiff's interest in the Jersey City property and admitting, though not deciding, that the conditions of the sale of the Bayonne property and realizing cash therefrom are conditions precedent to liability attaching; nevertheless, the motion cannot prevail for the reason that the first count states an absolute refusal to sell on the part of Jasper or his successor in interest.  There being no proof to the contrary on the motion this allegation of the pleading presents a situation where the plaintiff, in substance, charges the defendant prevented the fulfillment of the conditions by refusing to sell.  If the proof at the trial discloses that the defendant refused to sell the Bayonne property then a question for the jury to determine the liability of the defendant would arise.  The second count charges that the defendant agreed to repay the money within a reasonable time and has failed to do so.

In the brief for the defendant the court is requested to determine that the second count is based upon the allegations in the first count.  If the defendant wanted to make the request in his brief effective he should have furnished proof on this motion that such was the case.  While the court might be strongly drawn to the conclusion that both counts are based upon the same set of facts in the absence of proof as to this similarity the court is bound, on this motion, to draw

all reasonable inference in favor of the allegations as they appear in the second count and they do set forth a cause of action.

The complaint stricken by Judge Oliphant was entirely different from the complaint now under discussion. For the foregoing reasons the motion will be denied, without costs.